UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00269-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TANDY W. MCELWEE, JR., ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

Before the Court is a Motion for Bond Pending Appeal [Record Document 316] filed on behalf of Defendant Ava Cates McElwee. The United States opposes this motion. [Record Document 323].

Following an eight-day jury trial, Defendant was convicted of conspiracy to obtain a controlled substance by fraud (Count 1) and obtaining or acquiring a controlled substance by fraud (Count 54), and was sentenced to a term of imprisonment for thirty-six (36) months. [Record Documents 248, 305]. Defendant filed a Notice with the Fifth Circuit Court of Appeals on February 5, 2010, appealing her conviction and sentence. [Record Document 315]. She now requests this Court issue an order allowing her to be released on bail pending appeal, or, alternatively, that her surrender date be stayed pending resolution of the bail issue by the Fifth Circuit Court of Appeals. [Record Document 316].

A defendant does not have a constitutional right to bail after conviction and sentencing. United States v. Olis, 450 F.3d 583, 585 (5th Cir. 2006), citing United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987). Any putative right to bail derives from the 1984 Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, which establishes a strong presumption *against* the granting of bail pending appeal. Id.; United States v. Valery-Elizondo, 761 F.2d

1020, 1024-25 (5th Cir. 1985) (by enacting § 3143, Congress intended "to limit, indeed substantially limit, the availability of bail pending appeal"). Pursuant to 18 U.S.C. § 3143(b), a person found guilty of an offense and sentenced to a term of imprisonment shall be detained pending appeal unless the defendant establishes the following four factors: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the time already served or will serve during appeal. See 18 U.S.C. § 3143(b).   After thoroughly reviewing the motions filed by the Defendant and the Government, and having considered the requirements of 18 U.S.C. § 3143(b), the Court finds Defendant has failed to overcome the presumption against release pending appeal.

Accordingly,

**IT IS ORDERED** that the Motion for Bond Pending Appeal [Record Document 316] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 19th day of February, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE